UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
ANDRE CINICOLA,                                 :
                                                :
                         Plaintiff,             :
                                                :         **INITIAL REVIEW**
         -against-                              :         **ORDER**
                                                :
NED LAMONT, Governor,                           :         3:25-CV-493 (VDO)
                                                :
                         Defendant.             :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Andre Cinicola, a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"),[1] filed this civil rights action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Connecticut Governor Ned Lamont in his official capacity.[2] Plaintiff, who was 21 years old when he committed murder, claims that Public Act 23-169 (the "Act"), effective October 1, 2023, and codified in Connecticut General Statutes § 54-125a(g),[3] violates the Equal Protection Clause of the Fourteenth Amendment because the Act excludes individuals ages 21-25 from parole eligibility.[4] Plaintiff, although sentenced in 1998, also claims that the Act violates the Fourteenth Amendment to the United States Constitution by

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website shows that Plaintiff was admitted to the DOC on November 30, 1994, and was sentenced on July 24, 1998, to a maximum term of fifty-years' imprisonment, with his maximum release date as May 20, 2031. *See* DOC Inmate Information, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=196463 (last visited Jan. 2, 2026).

[2] *See* Compl., ECF No. 1.

[3] Because Public Act 23-169 is codified in Connecticut General Statutes § 54-125a(g), the Court uses Public Act 23-169 and § 54-125a(g), interchangeably.

[4] Compl., ECF No. 1 ¶ 15.

excluding individuals sentenced after October 1, 2005.[5] He seeks declaratory and injunctive relief in his Complaint,[6] as well as in a Motion for Preliminary Injunction.[7] He requests that the Court order the State of Connecticut to amend § 54-125a(g) to include individuals for parole eligibility who were ages 21-25 when they committed an offense, as well as individuals sentenced after October 1, 2005.[8]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I.      **BACKGROUND**

Plaintiff was convicted of Murder in violation of Conn. Gen. Stat. § 53a-54a, for a murder he committed on September 4, 1994, when he was twenty-one years old.[9] He was sentenced on July 24, 1998, to a maximum term of fifty-years' imprisonment without the

---

[5] *Id*.

[6] *Id*. at 27-28.

[7] *See* Mot., ECF No. 4; *see also* Mem., ECF No. 4-1.

[8] Compl., ECF No. 1 at 28; *see also* Proposed Order, ECF No. 4-3.

[9] Compl., ECF No. 1 ¶¶ 83-84.

possibility of parole.[10] Approximately twenty-five years after Plaintiff was sentenced, Governor Ned Lamont signed Public Act 23-169 into law.[11]

Effective October 1, 2023, Public Act 23-169 (Senate Bill 952) repealed the prior version of Conn. Gen. Stat. § 54-125a, and a new version of § 54-125a (the "Connecticut Parole Statute") was implemented.[12] The new version of § 54-125a includes a subsection, which provides as follows:

> [A] person convicted of one or more crimes committed while such person was under twenty-one years of age, who was sentenced on or before October 1, 2005, and who received a definite sentence or total effective sentence of more than ten years' incarceration for such crime or crimes committed on or before October 1, 2005, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. Nothing in this subsection shall limit a person's eligibility for parole release under the provisions of subsections (a) to (f), inclusive, of this section if such person would be eligible for parole release at an earlier date under any of such provisions.
>
> (2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under twenty-one years of age. Any portion of a sentence that is based on a crime or crimes committed while a person was twenty-one years of age or older,

---

[10] *See id.* ¶ 84; *see* DOC Inmate Information, *supra* note 1.

[11] *See* Compl., ECF No. 1 ¶ 13.

[12] The full text of Public Act 23-169 may be found online at https://www.cga.ct.gov/2023/act/Pa/pdf/2023PA-00169-R00SB-00952-PA.PDF (last visited Jan. 2, 2026). The court takes judicial notice of this state legislation. *See N.Y. State Rest. Ass'n v. N.Y.C. Bd. of Health,* 556 F.3d 114, 136 n.25 (2d Cir. 2009) (taking judicial notice of enacted and introduced state legislation).

    shall be subject to the applicable parole eligibility, suitability and release rules set forth in subsections (a) to (e), inclusive, of this section.[13]

Conn. Gen. Stat. § 54-125a(g)(1), (2).

    Plaintiff argues that Public Act 23-169, as codified in § 54-125a(g), violates the Fourteenth Amendment's Equal Protection Clause because the Act only applies to individuals between the ages of 18-20 who were sentenced for crimes committed on or before October 1, 2005.[14] He maintains that § 54-125a(g) should be expanded to include "individuals between the ages of 18-20 whose crime(s) occurred after October 1, 2005, [and] similarly situated individuals aged between 21-25 whose crimes were committed before or after October 1, 2005."[15] His rationale is that individuals: (1) between the ages of 18-20 are similarly situated to individuals between the ages of 21-25; and (2) individuals who were sentenced on or before October 1, 2005, are similarly situated to individuals sentenced after October 1, 2005.[16] Plaintiff argues that individuals "between the ages of 18-25 constitute a suspect classification" because they are a "vulnerable population[,]" and thus, Public Act 23-169 is subject to strict scrutiny.[17] Plaintiff states that his claim would also "equally overcome the Rational-Basis

---

[13] Plaintiff is not eligible for parole under § 54-125a(g)(1) because he was 21 years old when he committed murder. Thus, in accordance with § 54-125a(g)(2), Plaintiff is subject to the applicable parole eligibility, suitability, and release rules set forth in subsections (a) to (e) of § 54-125a. Subsection 54-125a(a) outlines which convicted persons may be eligible for parole. However, § 54-125a(b)(1) states that a person convicted of certain offenses, including murder as provided in § 53a-54a, shall be ineligible for parole under § 54-125a(a). *See* Conn. Gen. Stat. § 54-125a(b)(1)(E). Although Plaintiff does not discuss the parole eligibility, suitability, and release rules set forth in § 54-125a(a)-(e), it appears he is also ineligible for parole under these subsections because he was convicted of the offense of murder in violation of § 53a-54a.

[14] *See* Compl., ECF No. 1 ¶¶ 14-16, 18-19, 25.

[15] *Id.* ¶ 18.

[16] *Id.* ¶¶ 14-15, 18-19.

[17] *Id.* ¶¶ 11, 16.

Standard of review. . . .[,]"[18] and he provides a lengthy discussion pertaining to his philosophies on youth and criminology with references dating back to the 1800s.[19]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual

---

[18] *Id.* ¶ 17.

[19] *See id.* ¶¶ 11-12, 20-82.

5

conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original).

### III.   DISCUSSION

Plaintiff claims that Public Act 23-169 violates the Fourteenth Amendment Equal Protection Clause because the Act discriminates against individuals ages 21-25, as well as individuals sentenced after October 1, 2005.[20]

#### A.   "On or Before October 1, 2005" Parole Eligibility Requirement

Plaintiff lacks standing to challenge the requirement that an inmate must be "sentenced on or before October 1, 2005" to be eligible for parole under § 54-125a(g).

---

[20] *See id.*

"Article III, § 2 of the United States Constitution restricts federal courts to deciding Cases and Controversies and thus imposes what the Supreme Court has described as the "irreducible constitutional minimum of standing. . . ." *Jenkins v. United States*, 386 F.3d 415, 417 (2d Cir. 2004) (citation modified). If a plaintiff lacks standing, then the court lacks subject matter jurisdiction over the plaintiff's claims. *See Wiggins v. Justs. of Supreme Ct. of New York, App. Div., Second Jud. Dep't*, 434 F. App'x 2, 3 (2d Cir. 2011). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To show standing, a plaintiff must establish three elements: "(1) the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest which is: (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (citation modified). "To be particularized, the injury must affect the plaintiff in a personal and individual way[,]" and . . . a party cannot see redress for "injuries done to others." *Rynasko v. New York Univ.*, 63 F.4th 186, 193 (2d Cir. 2023) (citation modified); *see also U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990) (a litigant "cannot rest [a] claim to relief on the legal rights or interests of third parties") (citation modified).

As to this specific challenge, "the conduct complained of" is the "on or before October 1, 2005" requirement in § 54-125a(g), and the claimed injury is an individual's ineligibility for parole as a result of this requirement. This injury, however, is not particularized and there is no causal connection between the "on or before October 1, 2005" requirement and Plaintiff's

7

ineligibility for parole under § 54-125a(g). With this claim Plaintiff is attempting to seek redress on behalf of a class of individuals of which he is not a member. Plaintiff was sentenced in 1998.[21] He is ineligible for parole under § 54-125a(g), not because of the "on or before October 1, 2005" requirement, but because he was 21 years old when he committed murder. Likewise, Plaintiff's claimed injury would not be redressable by a favorable decision. Removing the "on or before October 1, 2005" requirement under § 54-125a(g) would have no effect on Plaintiff's ineligibility or eligibility for parole under this statute—Plaintiff's age is the impediment, not the October 1, 2005 cutoff. Thus, Plaintiff does not have standing to bring a challenge to the "on or before October 1, 2005" requirement under § 54-125a(g).

The Court further concludes that leave to amend would be futile because there are no pleading defects that can be cured. Although Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), leave to amend may properly be denied for multiple reasons, including, "futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotations omitted); *see also Donnelly v. United States*, 550 F. App'x 54, 55 (2d Cir. 2014) (affirming District Court's dismissal of complaint and denial of leave to amend because an amendment to the complaint would not have cured [the] jurisdictional bar"). "[A] proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not plausibly give rise to an entitlement to relief." *Fraser v. Caribe*, No. 20-CV-00071, 2022 WL 1210720, at *3 (D. Conn. Apr. 25, 2022) (citation modified).

---

[21] *See* DOC Inmate Information, *supra* note 1.

The Court sees no scenario where Plaintiff could replead his claim to plausibly give rise to an entitlement to relief in this action. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (agreeing with District Court's decision to deny plaintiff leave to amend complaint because an amendment could not save complaint from dismissal for lack of subject matter jurisdiction). Thus, this claim is dismissed without prejudice and without leave to amend for lack of jurisdiction. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (If a court dismisses a case for lack of jurisdiction, the dismissal must be without prejudice.).

### B. Under "Twenty-One Years of Age" Parole Eligibility Requirement

#### 1. Governor Lamont – Lack of Subject Matter Jurisdiction

Plaintiff also maintains that § 54-125a(g) unconstitutionally differentiates between individuals who were between the ages 18-20 when they committed an offense and individuals who were between the ages of 21-25.[22] Assuming arguendo, that Plaintiff has standing to bring this challenge, the Court lacks jurisdiction over this claim against Governor Lamont because it is barred by the Eleventh Amendment.

The Eleventh Amendment does not preclude suits that seek prospective injunctive relief against state officials acting in their official capacity. *Ex parte Young,* 209 U.S. 123, 155–56 (1908). But the doctrine of *Ex parte Young* applies only where the official sued has "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Id.* at 157 (noting that the constitutionality of every act passed by a state legislature cannot be tested by a suit against the governor based solely on the theory that the governor is charged with the execution

---

[22] *See* Compl., ECF No. 1 ¶¶ 15, 79, 82.

of state laws); *Connecticut Ass'n of Health Care Facilities, Inc. v. Rell,* No. 10-CV-136, 2010 WL 2232693, at *5 (D. Conn. June 3, 2010) (concluding that general authority to enforce the laws of the state is insufficient to make government officials the proper parties to litigation challenging the law).

Because Plaintiff does not allege any connection between Governor Lamont and the enforcement of the challenged parole statute, the doctrine of *Ex parte Young* does not apply. *See Armour v. Lamont*, No. 23-CV-1606, 2024 WL 4227010, at *4 (D. Conn. Sept. 18, 2024) (concluding that the Court that lacked jurisdiction over Plaintiff's challenge to § 54-125a(g) because Governor Lamont had no statutory duty to enforce parole laws and plaintiff did not point to any connection between Governor Lamont and the enforcement of § 54-125a(g)); *see also Nassau & Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50, 68-70 (E.D.N.Y. 2018) (dismissing plaintiffs' claims against governor challenging New York law as barred by the Eleventh Amendment since plaintiffs did not allege sufficient connection and no connection was apparent from law itself). Here, Plaintiff names a state official as a defendant but fails to allege a connection between that state official and the enforcement of the alleged unconstitutional law. Accordingly, Plaintiff's claim is really against the State and, thus, barred by the Eleventh Amendment.

For the reasons outlined above, the Court concludes it does not have jurisdiction over this case, and therefore, the Court dismisses this case on that basis. Nevertheless, because Plaintiff may be able to plead around the jurisdictional defects in his Complaint, the Court addresses the merits of his equal protection claim. *See Armour*, 2024 WL 4227010, at *4 (concluding court lacked jurisdiction over case and dismissing on that basis, but still addressing the merits of plaintiff's equal protection argument because plaintiff may have been

able to plead around jurisdictional obstacles); *see also Dudley v. Soc. Sec. Admin.*, No. 23-CV-00705, 2024 WL 3845758, at *5-7 (D. Conn. Aug. 16, 2024) (finding court lacked subject matter jurisdiction over plaintiff's claim, but nevertheless concluding that even if the court had jurisdiction, plaintiff failed to plead a *Bivens* claim under the Fifth Amendment's Equal Protection Clause).

### 2.    Failure to State an Equal Protection Claim

Plaintiff also claims that individuals between ages 21-25 are similarly situated to individuals between ages 18-20, and accordingly, Public Act 23-169 violates the Equal Protection Clause of the Fourteenth Amendment by excluding this class of individuals from parole eligibility.[23]  If the Court were to have jurisdiction over this case, this challenge to the "under twenty-one years of age" parole eligibility requirement would be dismissed for failure to plead a plausible claim.

The dictates of the Equal Protection clause are essentially "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). The highest level of constitutional scrutiny is applied to "those laws that burden a fundamental right or target a suspect class, such as those based on race, national origin, sex or religion." *Pedersen v. Off. of Pers. Mgmt.*, 881 F. Supp. 2d 294, 309 (D. Conn. 2012) (citation omitted). If the law does not implicate a fundamental right or target a suspect class, the law will survive constitutional scrutiny "so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996).

---

[23] *See* Compl., ECF No. 1 ¶ 15.

The statute Plaintiff challenges implicates an inmate's parole eligibility, which is not a fundamental right. *See Armour v. Lamont*, No. 23-CV-1606, 2024 WL 406302, at *2 (D. Conn. Feb. 2, 2024) ("[P]risoners have no federal constitutional right to parole or a parole hearing.") (citing *Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980)). Nor does Plaintiff allege that he is part of a suspect class—he challenges the law based on age discrimination. *See We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 158 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024) ("Under the Equal Protection Clause, claims that the government has discriminated based on age are typically subject to rational basis review because age is not a suspect classification."). Because § 54-125a(g) does not implicate a fundamental right or target a suspect class, it is subject to rational basis review. *See Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976) (finding state law requiring state police officers to retire after age 50 subject to rational basis review and not a violation of equal protection rights).

When a law is subject to rational basis review, the challenging party has the burden to disprove "every conceivable basis which might support it." *Windsor v. United States*, 699 F.3d 169, 180 (2d Cir. 2012), *aff'd*, 570 U.S. 744 (2013) (citation modified). Accordingly, under this standard of review, "courts are quite reluctant to overturn governmental action on the ground that it denies equal protection of the laws." *Hayden v. Paterson*, 594 F.3d 150, 170–71 (2d Cir. 2010) (quoting *Gregory v. Ashcroft*, 501 U.S. 452, 470–71 (1991)). In fact, "courts should 'not overturn such a [law] unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational.'" *Id*. (alteration in original) (quoting *Vance v. Bradley*, 440 U.S. 93, 97 (1979)).

Here, the Court finds that Plaintiff has failed to show that there is no rational basis for the "under twenty-one years of age" parole eligibility requirement in § 54-125a(g). Notably, a long line of legal precedent has established that a categorical approach to sentencing based on age delineation does not violate the Constitution.

In *Miller v. Alabama*, 567 U.S. 460, 489 (2012), the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. The cornerstone for the analysis in *Miller* was the Supreme Court's reliance on *Roper v. Simmons,* 543 U.S. 551 (2005), and *Graham v. Florida,* 560 U.S. 48 (2010), a "line of precedent holding certain punishments disproportionate when applied to juveniles." *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016), *as revised* (Jan. 27, 2016). "*Miller* took as its starting premise the principle established in *Roper* and *Graham* that children are constitutionally different from adults for purposes of sentencing." *Id*. at 206-07 (citation modified). The differences between children and adults result from "diminished culpability and greater prospects for reform" in three ways: (1) children have a lack of maturity leading to recklessness and impulsivity; (2) children are more vulnerable to negative influences and susceptible to negative environments; and (3) a child's character is not as developed as an adult. *Id*. at 207 (quoting *Miller*, 567 U.S. at 471).

Furthermore, although not in the equal protection context, but nonetheless the same principal, the Second Circuit Court of Appeals, relying on *Miller*, *Graham*, *Roper*, and its prior holding in *United States v. Sierra*, 933 F.3d 95 (2d Cir. 2019), has concluded that, "because the Supreme Court has chosen to draw the constitutional line at the age of 18 for mandatory minimum life sentences, the imposition of such sentences for defendants between ages of

13

eighteen and twenty-two does not violate the Eighth Amendment." *Cruz v. United States*, 826 F. App'x 49, 52 (2d Cir. 2020) (citation modified).

Lastly, in line with the foregoing precedent, the Connecticut State Appellate Court and District Courts outside of this Circuit have found that, under rational basis review, statutes that distinguish between juveniles and adults for parole eligibility do not violate the Equal Protection Clause of the Fourteenth Amendment. *See Connecticut v. Ebron*, 219 Conn. App. 228, 250, 295 A.3d 112, 127, *cert. denied,* 347 Conn. 902, 296 A.3d 840 (2023) (following *Graham* and *Roper* and concluding there was a rational basis for the under 18-years of age requirement in § 54-125a(f) of the Connecticut Parole Statute, and thus, no equal protection violation). *Gonzalez v. People of State of California*, No. CV 21-1139, 2022 WL 2903170, at *13 (C.D. Cal. July 6, 2022), *R. & R. Adopted sub. nom.*, 2022 WL 3577024 (C.D. Cal. Aug. 19, 2022) (finding "California Legislature had a rational basis for its different treatment of offenders sentenced to life without the possibility of parole, depending on their age at the time of the controlling offense, for purposes of eligibility for a youth offender parole hearing[,]" and, thus, there was no equal protection violation); *Patterson v. Matteson*, No. 21-CV-07391, 2022 WL 3925297, at *5 (N.D. Cal. Aug. 30, 2022) (no equal protection violation because the United States Supreme Court and California Supreme Court precedent is clear that there is a rational basis for sentencing juvenile and young-adult offenders differently); *Henry v. 61 Pa. Stat. §331.21 (1941)*, No. CV 17-4583, 2017 WL 6406488, at *4 (E.D. Pa. Dec. 15, 2017) (dismissing complaint with prejudice and, following *Miller*, finding plaintiff's claim was frivolous and he failed to state a claim where he alleged Pennsylvania parole statute violated equal protections rights by distinguishing between juveniles and adults because adult offenders are not similarly situated to juveniles).

Supreme Court precedent dictates "that mandatory life sentences for individuals eighteen years or older" do not violate the constitution. *See Cruz v. United States*, 826 F. App'x 49, 51 (2d Cir. 2020). Subsection 54-125a(g) expands the age for parole eligibility to age twenty, past the constitutional age eighteen cutoff, and the justifications for delineating between juveniles and adults in these types of sentencing schemes has been extensively covered—there is an evident rational basis. Thus, the Court finds that, if there were subject matter jurisdiction over this claim, there would be a rational basis for limiting § 54-125a(g) to offenders below the age of twenty-one. However, because the Court finds that subject matter jurisdiction is lacking, the Court dismisses this claim on that basis alone. *See Armour*, 2024 WL 4227010, at *4 (dismissing case against Governor Lamont for lack of jurisdiction, but nevertheless finding that if the court had jurisdiction, plaintiff's equal protection claim would be dismissed for failure to state a claim).

The Court also concludes that leave to amend the Complaint would be futile because there are no pleading defects that can be cured. *See McCracken v. Brookhaven Sci. Assocs. LLC*, 376 F. App'x 138, 140 (2d Cir. 2010) (affirming District Court's dismissal of complaint and denial of motion to amend because plaintiff "would have been unable to state a claim against the defendants even if granted leave to amend); *Troung v. Am. Bible Soc'y*, 171 F. App'x 898, 899 (2d Cir. 2006) (affirming District Court's dismissal of complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted and finding no abuse of discretion because plaintiff's proposed amendment to complaint was futile); *Dudley*, 2024 WL 3845758, at *5-7 (dismissing complaint without leave to amend); *Brown v. Hannah*, No. 22-CV-105, 2022 WL 487989, at *4 (D. Conn. Feb. 17, 2022)

(dismissing complaint brought under § 1983 pursuant to 28 U.S.C. § 1915A(b)(1) and finding "any amendment would be futile").

## IV. CONCLUSION

Based on the foregoing, the Court enters the following orders:

Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction, but **without leave to amend** because any amendment would be futile. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 4], and Plaintiff's Motion for the Appointment of Counsel [ECF No. 12], are **DENIED** as moot.

The Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Hartford, Connecticut
January 5, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge